

**FILED**
**MARCH 27, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1774**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE KEYS**

| | |
|---|---|
| TRACY LUTTRELL, | ) |
|         Plaintiff, | ) |
| v. | ) No. _____ |
| MADISON APARTMENT GROUP, L.P., BPG PROPERTIES, LTD., | ) |
|         Defendant. | ) |

**J. N.**

## NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take note that Defendants Madison Apartment Group, L.P. ("Madison") and BPG Properties, Ltd., ("BPG") (collectively Madison and BPG are hereinafter referred to as "Defendants"), by and through their undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446 that they this day remove this action from the Circuit Court of Cook County, Illinois to this Court. In support of removal, Defendants submit this notice and state as follows:

1. This action is properly removable to this Court under 28 U.S.C. § 1441. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, because Plaintiff asserts a claim under the Family Medical Leave Act of 1993 and the requirements for diversity of citizenship and the jurisdictional amount in controversy are satisfied.

2. This action was originally filed in the Circuit Court of Cook County, Illinois, on February 19, 2008 and served on Defendants on February 27, 2008. This Notice

of Removal of Action is therefore filed within the 30-day period prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In accordance with 28 U.S.C. § 1446(a), Madison and BPG have attached hereto true and correct copies of all process, pleadings, and orders served upon it as of the date of this Notice of Removal of Action. *See* Exhibit A.

3. As required by 28 U.S.C. § 1446(d), Madison and BPG will promptly file with the Circuit Court of Cook County, Illinois, and serve upon Plaintiff's counsel, a true and correct copy of this Notice of Removal of Action.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Cook County, Illinois, the forum in which the removed action was pending.

5. Removal is also appropriate under 28 U.S.C. §§ 1332 and 1441(b) in that it is a civil action between citizens of different states. Plaintiff is a citizen of Illinois, neither Defendant is a citizen of the State of Illinois and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The matter in controversy is between citizens of different states. Defendant Madison is a Pennsylvania limited partnership with its principal place of business in Pennsylvania. (Affidavit of James Mathes attached hereto as Exhibit B at ¶ 2.) The General Partner of Madison is BPG Madison – GP, LLC, a Delaware limited liability company with its principal place of business in Pennsylvania. (Id.) Madison's limited partner is Defendant BPG, a Pennsylvania limited partnership, with its principal place of business in Pennsylvania. (Id.)

7. BPG Madison – GP, LLC's members are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen, all Pennsylvania residents. (Id. at ¶ 3.)

8. Defendant BPG's General Partner is BPG-GP, LLC, a Delaware limited liability corporation with its principal place of business in Pennsylvania. (Affidavit of Arthur P. Pasquarella attached hereto as Exhibit C at ¶ 2.) BPG's Limited Partners are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen (all of whom are Pennsylvania residents), and Berwind Property Group, Ltd., a Pennsylvania limited partnership with its principal place of business in Pennsylvania. (Id.)

9. BPG-GP, LLC's members are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen, again all residents of Pennsylvania. (Id. at ¶ 3).

10. Berwind Property Group, Ltd., partners are Berwind Property Group, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania and several trusts created for the benefit of the Berwind family, all of whom are Pennsylvania residents. (Id. at ¶ 4).

11. Thus, for purposes of citizenship, BPG and Madison are not citizens of Illinois. According to the allegations of the Complaint, Plaintiff is a citizen of Illinois. Accordingly, there is complete diversity of citizenship as between Plaintiff and Defendants.

12. Plaintiff Complaint contains an express *ad damnum* clause, in which Plaintiff claims that amount in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs. As such, the allegations of the Complaint make it clear that the jurisdictional amount provided for in 28 U.S.C. § 1332 is met.

13. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because the requirements for diversity of citizenship and the jurisdictional amount in controversy are satisfied.

14. In addition, this Court has federal question jurisdiction as Plaintiff alleges a claim under Family Medical Leave Act of 1993, and this Court has supplemental jurisdiction of the State law claims pursuant to 28 U.S.C. §1367.

15. For all of these reasons, Defendants respectfully remove this action to this Court from the Circuit Court of Cook County, Illinois.

Dated: March 27, 2008

                              Respectfully submitted,

                              MADISON APARTMENT GROUP, L.P., and BPG PROPERTIES, LTD.,

                              By  /s/ Jon E. Klinghoffer
                                  One of Its Attorneys

Jon E. Klinghoffer
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

**08 C 1774**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE KEYS**

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TRACY LUTTRELL, )
)
Plaintiff, ) Case No.
v. )
)
MADISON APARTMENT GROUP, LP. and )
BPG PROPERTIES, LTD. )
)
Defendant. )

COMPLAINT

NOW COMES Tracy Luttrell, by her undersigned attorneys, and for her Complaint against Madison Apartment Group, L.P. ("Madison") and BPG Properties, Ltd. ("BPG") (collectively "Defendants") alleges the following:

Facts Common To All Counts

1.  At all times relevant to this Complaint, Plaintiff, Tracy Luttrell, has been a citizen of the State of Illinois residing in Chicago, Illinois. Plaintiff was employed by Defendants Madison and BPG, from August 16, 2006 until November 28, 2007.

2.  Defendant Madison is a limited partnership organized under the laws of Pennsylvania and wholly owned by BPG, with its principal place of business located at 770 Township Line Road, Suite 150, Yardley, Pennsylvania and its corporate headquarters located at 3100 Centre Square West, 1500 Market Street, Philadelphia, Pennsylvania where it operates a company that manages residential housing communities.

3.  Defendant BPG is a limited partnership organized under the laws of Pennsylvania, with its principal place of business located at 770 Township Line Road, Suite 150, Yardley,

Pennsylvania and its corporate headquarters located at 3100 Centre Square West, 1500 Market Street, Philadelphia, Pennsylvania where it operates as a private equity real estate fund manager.

4. Defendants Madison and BPG operate as one and the same organization. The companies share office space and employees and operate as alter egos of each other.

5. Plaintiff was employed by Defendants in Chicago, Illinois.

6. Venue is properly laid in this County because Defendants at all relevant times transacted business in Cook County, Illinois and all acts giving rise to this action occurred in Cook County, Illinois.

## COUNT I
### Common Law Retaliatory Discharge

7. Plaintiff was offered the position of Regional Property Manager by Defendants on July 12, 2006.

8. Upon acceptance of the position, Plaintiff moved to Chicago, Illinois from Huntersville, North Carolina and moved into a property owned by Defendants where she worked from a satellite office in her apartment building.

9. Plaintiff was not an office employee because her position as Regional Property Manager required extensive multi-state travel.

10. During her employment with Defendants, Plaintiff reported to Ann Marie Niklaus, the Regional Vice President in the Philadelphia office.

11. During her employment with Defendants, the properties managed by Plaintiff were regularly ranked "excellent" by the monthly property Scorecards issued by Defendants' management.

2

12. On July 26, 2007, Plaintiff attended a scheduled doctor's visit during which her physician diagnosed a large mass in her uterus. Her doctor recommended that she see a specialist and continue to work from home in the interim.

13. On the same day, Plaintiff contacted Madison's Human Resources Director, Ms. Bobbi McGonigle, about her physician's recommendation and faxed a copy of her physician's report to Ms. McGonigle's attention.

14. Ms. McGonigle responded to Plaintiff's diagnosis by requesting a revised physician's report clarifying Plaintiff's ability to work, but not travel.

15. On July 31, 2007, after numerous calls to her physician, Plaintiff obtained a revised report from her stating the following: "[p]lease allow [Plaintiff] to work from home during this time and restrict her from traveling" until she consults with a specialist.

16. In response to the revised physician's report, Ms. McGonigle told Plaintiff that she was required to take medical leave since she could not perform her full duties which included travel. Defendant forced Plaintiff to use her vacation time while she attempted to obtain a third revised physician's report.

17. On August 7, 2007, Plaintiff obtained and provided to Ms. McGonigle a third physician's report stating that Plaintiff was "able to work full time unless otherwise notified by specialist."

18. In response to the third report from Plaintiff's physician, Ms. McGonigle refused to allow Plaintiff to return to work. Ms. McGonigle told Plaintiff that Defendants did not consider her physician's report to be a release to work, but instead considered the report as a release to a specialist. Ms. McGonigle further insisted that Plaintiff obtain an additional release

from the specialist before returning to work.

19. In order to expedite her return to work, Plaintiff diligently pursued an appointment with a specialist. On August 12, 2007, Plaintiff's specialist, Charles E. Miller, M.D., provided a note to Madison confirming that she was cleared to return to work on regular duty until she has surgery to remove the tumor from her uterus.

20. Despite having been released to work by her primary physician three times before seeing a specialist, Defendant Madison forced Plaintiff to take medical leave and use up approximately 40 hours of vacation.

21. On August 13, 2007, Plaintiff returned to work.

22. A week later, without any prior incident, Plaintiff's supervisor, Ms. Niklaus, gave Plaintiff a Counseling Statement riddled with vague and inaccurate statements regarding Plaintiff's performance.

23. In stark contrast, all of Defendant Madison's Scorecards indicated that Plaintiff's properties were performing above Company average.

24. The Counseling Statement's inaccuracies include, *inter alia*, identifying two allegedly missed deadlines that came due at the same time Plaintiff was forced to take medical leave for her tumor diagnosis and identifying an alleged Verbal Counseling Statement that never took place and was never documented in her personnel file.

25. Plaintiff intentionally scheduled her surgery during the holiday week of Thanksgiving to minimize her absence from work. On November 19, 2007, Plaintiff underwent surgery to remove the tumor from her uterus.

26. On November 28, 2007, Plaintiff returned to work.

27. On the same day, in retaliation for Plaintiff's use of medical leave necessitated by the tumor in her uterus, Plaintiff was immediately terminated from her employment with Defendants.

28. As a proximate cause of Defendants' wrongful retaliatory termination of her employment, Plaintiff has been damaged in excess of $75,000.

29. Defendants' actions in retaliating against Plaintiff were willful and wanton and characterized by oppression, and malice is the gist of the action.

WHEREFORE, Plaintiff Tracy Luttrell prays that judgment be entered in her favor and against Defendants Madison Apartment Group, LP. and BPG Properties, Ltd. for the following relief:

1. Compensatory damages in an amount to be determined at trial but in no event less than $75,000;
2. Punitive damages at a reasonable multiple of compensatory damages;
3. All costs of this action; and
4. Such other relief as the Court and jury deems just and proper.

## COUNT II
### Retaliation in Violation of the Family and Medical Leave Act

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of the Complaint as if set forth fully herein.

31. Plaintiff's transitory position and the requirement that she report to Defendants' corporate Philadelphia office makes her an employee of that office for purposes of the Family

5

and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA").

32. Defendants employ more that 50 employees in their corporate Philadelphia office.

33. Jurisdiction is proper because the FMLA contains an enforcement provision allowing a right of action in State or federal court.

34. Defendants terminated Plaintiff in response to her taking necessary medical leave to have a tumor removed.

35. Defendants' retaliated against Plaintiff in terminating her for taking medical leave under the FMLA.

36. As a proximate cause of Defendants' violation of the Family and Medical Leave Act, Plaintiff has been damaged in excess of $75,000.

WHEREFORE, Plaintiff Tracy Luttrell prays that judgment be entered in her favor and against Defendants Madison Apartment Group, LP. and BPG Properties, Ltd. for the following relief:

1. Compensatory damages in an amount to be determined at trial but in no event less than $75,000;
2. All costs of this action; and
3. Such other relief as the Court and jury deems just and proper.

## COUNT III
### Interference With Family and Medical Leave Act Rights

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of the Complaint as if set forth fully herein.

38. Defendants retaliated, oppressed and harassed Plaintiff after the diagnosis of the tumor in her uterus by demanding five separate and distinct physician's releases.

39. Even after obtaining reports from her primary physician releasing her to work, Defendants forced Plaintiff to take unnecessarily medical leave and use her remaining vacation time.

40. Compounding the Defendants' oppressive tactics in contravention of FMLA, after Plaintiff returned to work, her supervisor Ms. Niklaus impeded her ability to carry out her job duties by refusing to respond to Plaintiff's calls and e-mails.

41. On August 27, 2007, after forcing Plaintiff to use all of her remaining vacation time to obtain three unnecessary physician's releases, Defendants informed Plaintiff that her previously approved time off for a wedding attendance would no longer be honored due to her medical leave.

42. Defendants' responsive tactics to Plaintiff's tumor diagnosis caused Plaintiff to schedule her surgery during the Thanksgiving holiday week to reduce her medical leave.

43. After her surgery, Plaintiff's surgeon released her back to work on the condition that she avoid heavy lifting. Defendants needlessly demanded that Plaintiff obtain a full release to be allowed to return to work despite her job not requiring any heavy lifting. Under duress, Plaintiff implored her surgeon to issue her a full release without restriction.

44. Defendants' retaliatory and oppressive actions together with harassment and the hindering of her ability to perform her job constitute an interference with Plaintiff's rights under the FMLA.

45. As a proximate cause of Defendants' interference with Plaintiff's rights under the

FMLA, Plaintiff has been damaged in excess of $75,000.

WHEREFORE, Plaintiff Tracy Luttrell prays that judgment be entered in her favor and against Defendants Madison Apartment Group, LP. and BPG Properties, Ltd. for the following relief:

1. Compensatory damages in an amount to be determined at trial but in no event less than $75,000;

2. All costs of this action; and

3. Such other relief as the court deems just and proper.

Plaintiff demands Trial by Jury.

TRACY LUTTRELL

By: _____
One of Her Attorneys

Joel J. Bellows, Esq.
Kristen E. Prinz, Esq.
BELLOWS AND BELLOWS, P.C.
209 South LaSalle Street, Suite 800
Chicago, Illinois 60604
(312) 332-3340
(312) 332-1190 (facsimile)
Attorney No.: 01000

8

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. _____ |
| MADISON APARTMENT GROUP, L.P., | ) |
| BPG PROPERTIES, LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### AFFIDAVIT OF JAMES MATHES

James Mathes, being first duly sworn, states as follows:

1. I am Chief Operating Officer of Madison Apartment Group, L.P. ("Madison"). I am over twenty-one years of age, and if I am called to testify as a witness, I could and would competently testify as to the matters set forth below, of which I have personal knowledge resulting from my position as Chief Operating Officer at Madison.

2. Madison is a Pennsylvania limited partnership with its principal place of business in Pennsylvania. The General Partner of Madison is BPG Madison – GP, LLC, a Delaware limited liability company with its principal place of business in Pennsylvania. Madison's limited partner is BPG Properties, Ltd., a Pennsylvania limited partnership, with its principal place of business in Pennsylvania.

3. BPG Madison – GP, LLC's members are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen, all Pennsylvania residents.

FURTHER AFFIANT SAYETH NOT.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

-2-

**08 C 1774**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE KEYS**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. _____ |
| MADISON APARTMENT GROUP, L.P., | ) |
| BPG PROPERTIES, LTD., | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF ARTHUR P. PASQUARELLA

Arthur P. Pasquarella, being first duly sworn, states as follows:

1. I am a Member of the general partner of BPG Properties, Ltd. ("BPG"). I am over twenty-one years of age, and if I am called to testify as a witness, I could and would competently testify as to the matters set forth below, of which I have personal knowledge resulting from my position as a Member of the general partner at BPG.

2. BPG's General Partner is BPG-GP, LLC, a Delaware limited liability corporation with its principal place of business in Pennsylvania. BPG's Limited Partners are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen (all of whom are Pennsylvania residents), and Berwind Property Group, Ltd., a Pennsylvania limited partnership with its principal place of business in Pennsylvania.

3. BPG-GP, LLC's members are Daniel M. DiLella, Arthur P. Pasquarella, Robert K. Maloney, Barry Howard, Scott A. Williams, Stephen M. Spaeder and Joseph F. Mullen, again all residents of Pennsylvania.

4. Berwind Property Group, Ltd., partners are Berwind Property Group, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania and several trusts created for the benefit of the Berwind family, all of whom are Pennsylvania residents.

FURTHER AFFIANT SAYETH NOT.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 27, 2008, he caused a true and correct copy of the foregoing **Notice of Removal of Action** to be served via Messenger delivery upon:

>Joel J. Bellows, Esq.
>Kristen E. Prinz, Esq.
>Bellows and Bellows P.C.
>209 South LaSalle Street, Suite 800
>Chicago, IL 60604

>/s/ Jon E. Klinghoffer
>Jon E. Klinghoffer