IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL,<br><br>     Plaintiff,<br><br>vs.<br><br>MADISON APARTMENT GROUP, L.P., and<br>BPG PROPERTIES, LTD.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08 C 1774<br>)<br>) Judge Gettleman<br>) Magistrate Judge Keys<br>)<br>) |

**NOTICE OF E-FILING**

TO: Jon E. Klinghoffer
   GOLDBERG KOHN BELL BLACK
   ROSENBLOOM & MORITZ, LTD.
   55 East Monroe Street
   Suite 3300
   Chicago, Illinois 60603

   PLEASE TAKE NOTICE that on June 17, 2008 we filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Plaintiff's Joint Status Report,** a copy of which is hereby served upon you.

Dated: June 17, 2008

               Respectfully submitted,

               TRACY LUTTELL


               By: /S/ Kristen E. Prinz
                  One of her Attorneys


Joel J. Bellows
Kristen E. Prinz
BELLOWS AND BELLOWS, P.C.
209 South LaSalle Street
Suite 800
Chicago, Illinois 60604
(312) 332-3340

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL, | ) |
|               Plaintiff, | ) Case No. 08-CV-01774 |
| v. | ) Judge Robert W. Gettleman |
| MADISON APARTMENT GROUP, L.P. and BPG PROPERTIES, LTD. | ) |
|               Defendants. | ) |

Pursuant to this Court's Order Setting Initial Status Report for Cases Assigned to Judge Gettleman, the parties hereby submit the following Joint Status Report:

A. **Status Hearing Date**

This matter has been set for a status hearing on June 19, 2008 at 9:00 a.m.

B. **Attorneys of Record**

<u>For Plaintiff Tracy Luttrell</u>

Joel J. Bellows (lead trial attorney)
Kristen E. Prinz
Bellows and Bellows, P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, Illinois 60604
(312) 332-3340

<u>For Defendants Madison Apartment Group, L.P. and BPG Properties, Ltd.</u>

Jon E. Klinghoffer (lead trial attorney)
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

### C. The Basis of Federal Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a). Ms. Luttrell filed claims against Defendants under the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). In addition, the parties are citizens of different states, and Ms. Luttrell is seeking damages, exclusive of interest and costs, in excess of $75,000. This Court has jurisdiction over Ms. Luttrell's Illinois state law claim pursuant to 28 U.S.C. § 1367(a).

### D. Jury Demand

Ms. Luttrell has requested a trial by jury.

### E. Nature of the Case

While employed as a Regional Property Manager for Madison Apartment Group, L.P. ("Madison"). Ms. Luttrell, a 35-year old woman, was diagnosed with a uterine tumor, which required surgery for its removal. Ms. Luttrell filed a three-count complaint consisting of: (1) common law retaliatory discharge; (2) retaliation in violation of the FMLA; and (3) interference with FMLA rights. Ms. Luttrell alleges that, in addition to termination, Defendants interfered with her FMLA access by rejecting her doctor's mandate on numerous occasions, delaying her initial return to work, and impeding her job performance by refusing to respond to her communications. Ms. Luttrell further alleges that her termination upon return to work was a violation of FMLA, in addition to a violation of public policy.

Defendants deny the claims and allegations set forth in all three counts of Ms. Luttrell's Complaint. BPG Properties, Ltd. ("BPG"), a limited partner of Madison, denies it was Ms. Lutrell's employer. Defendants deny that they retaliated against Ms. Luttrell, that there is a common law right of action for alleged retaliatory discharge for taking medical leave, and that Ms. Luttrell is an eligible employee under the FMLA. Madison had discussed terminating Ms.

2

Luttrell's employment because of performance issues before she took her first leave and before it knew of her diagnosis. The decision to terminate Ms. Luttrell's employment was based solely on her performance.

    **F.    Relief Sought**

According to Ms. Luttrell, from July 26, 2007 to August 7, 2007, Defendant Madison Apartment Group, L.P. required that Ms. Luttrell use vacation time valued at approximately $1,700.00 to obtain multiple releases from her physician. Madison's insurance provider denied the last claim, of approximately $9,800.00, incurred while Ms. Luttrell was still employed. On January 30, 2008, Ms. Luttrell was served with a Notice of Eviction by the Sheriff of Cook County and was forced to relocate outside the state of Illinois to a residence in South Carolina at a cost of approximately $4,000.00. During that time, Ms. Luttrell was without health insurance and could not afford medical treatment following her surgery. To support herself during this time, Ms. Luttrell was forced to borrow funds from her credit card provider, totaling approximately $18,000 and incurred interest at the rate of 19 percent. Ms. Luttrell mitigated her damages by obtaining new employment beginning February 11, 2008. She was without employment from November 27, 2007 through February 10, 2008 and incurred a loss of income of $18,040.37. Due to the loss of her employment and residence, Ms. Luttrell suffered a loss of at least $51,540. In accordance with 29 U.S.C. § 2617(a), that amount should be doubled. Ms. Luttrell is seeking damages associated with the pain and suffering associated with her common law retaliation claim as well as her attorneys' fees and costs.

Defendants deny that Ms. Luttrell is entitled to any such relief, and they seek costs, attorneys' fees, and such other relief as the Court deems appropriate.

L # 769694 v.1

G.  **Service**

All parties have been served.

H/I.  **Principal Legal and Factual Issues**

The principal legal and factual issues are: (i) whether Ms. Luttrell is an eligible employee under the FMLA, (ii) if so, whether Defendants violated the FMLA as alleged, and (iii) whether Illinois law recognizes a claim for retaliatory discharge under the circumstances of this case. The parties reserve the right to raise any other relevant legal and/or factual issues.

J.  **Anticipated Motions**

Defendants anticipate filing a motion for summary judgment on the issues of (1) whether Ms. Luttrell is an eligible employee under the FMLA; (2) whether BPG was Ms. Luttrell's employer; and, (3) whether there is a common law cause of action for retaliatory discharge under the circumstances of this case. Defendants intend to file this motion as soon as practicable as set forth below. If the motion is denied, both parties anticipate filing motions for summary judgment at the close of discovery. The parties reserve the right to make any other motions as appropriate.

K.  **Proposed Discovery Plan Pursuant to Rule 26(f)**

Because the legal issues could be dispositive of some or all of this case, the parties have agreed to submit, with the court's approval, dispositive motions on the above 3 mentioned issues before engaging in full-blown fact discovery in order to save time, money and judicial resources. The parties believe this agreement to be consistent with Rule 1 of the Federal Rules of Civil Procedure providing for the "just, speedy and inexpensive determination of every action and proceeding." Therefore, the parties agree to the following discovery plan:

1. All written discovery (interrogatories and document requests) on the legal issues shall be completed by September 1, 2008.

2. Dispositive motions on the legal issues shall be filed on or before October 1, 2008.

3. The remainder of fact discovery shall be completed within 120 days from the date the Court rules on said motions.

4. Plaintiff shall disclose the identity of all experts and provide expert reports within 30 days after the completion of all fact discovery. Defendants shall disclose the identity of all experts and provide expert reports within 45 days after receipt of Plaintiff's expert report(s).

5. All expert depositions shall be completed within 45 days from the receipt of expert reports.

6. Dispositive pre-trial motions shall be filed within 30 days of completion of all expert depositions.

8. The final Pre-Trial Order will be due within 30 days from the date the Court rules on the dispositive motions.

**L.    Earliest Trial Date and Probable Length of Trial**

The parties agree that the earliest possible date they will be ready for trial is 30 days from the date the pre-trial order is filed, and they anticipate the trial lasting approximately 3-4 days.

**M.    Status of Settlement Discussions**

The parties have come very close to settling this matter but are currently stalemated. Ms. Luttrell's demand is for five-and-a-half months pay. Defendants' offer is five months pay minus the total amount of Ms. Luttrell's last month's rent plus late fees

5

(approximately $2,000). (While employed, Ms. Luttrell lived in one of the apartments managed by Madison, and failed to pay her last month's rent.)

**N.      Magistrate Judge Consent**

The parties do not consent to trial before a magistrate judge.

Respectfully submitted,

For Plaintiff, Tracy Luttrell

/s/ Kristen E. Prinz
Joel J. Bellows
Kristen E. Prinz
Bellows and Bellows, P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, Illinois  60604
(312) 332-3340


For Defendants Madison Apartment Group, L.P. and BPG Properties, Ltd.

/s/ Jon E. Klinghoffer
Jon E. Klinghoffer
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

Dated:  June 17, 2008

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 17, 2008, he caused a true and correct copy of the foregoing **Joint Status Report**, a courtesy copy of which was sent to the chambers of The Honorable Robert W. Gettleman, to be served by the Court's ECF/electronic mailing system and U.S. First Class mail upon the following:

> Jon E. Klinghoffer
> GOLDBERG KOHN BELL BLACK
> ROSENBLOOM & MORITZ, LTD.
> 55 East Monroe Street
> Suite 3300
> Chicago, Illinois 60603

/s/ Kristen E. Prinz

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MADISON APARTMENT GROUP, L.P., and )<br>BPG PROPERTIES, LTD., )<br>)<br>Defendants. ) | No. 08 C 1774<br><br>Judge Gettleman<br>Magistrate Judge Keys |

### NOTICE OF E-FILING

TO:  Jon E. Klinghoffer
     GOLDBERG KOHN BELL BLACK
     ROSENBLOOM & MORITZ, LTD.
     55 East Monroe Street
     Suite 3300
     Chicago, Illinois 60603

PLEASE TAKE NOTICE that on June 17, 2008 we filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Plaintiff's Joint Status Report,** a copy of which is hereby served upon you.

Dated: June 17, 2008

                              Respectfully submitted,

                              TRACY LUTTELL


                              By: /S/ Kristen E. Prinz
                                   One of her Attorneys


Joel J. Bellows
Kristen E. Prinz
BELLOWS AND BELLOWS, P.C.
209 South LaSalle Street
Suite 800
Chicago, Illinois 60604
(312) 332-3340

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY LUTTRELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MADISON APARTMENT GROUP, L.P. ) <br> and BPG PROPERTIES, LTD. ) <br> ) <br> Defendants. ) | Case No. 08-CV-01774 <br><br> Judge Robert W. Gettleman |

Pursuant to this Court's Order Setting Initial Status Report for Cases Assigned to Judge Gettleman, the parties hereby submit the following Joint Status Report:

**A.  Status Hearing Date**

This matter has been set for a status hearing on June 19, 2008 at 9:00 a.m.

**B.  Attorneys of Record**

<u>For Plaintiff Tracy Luttrell</u>

Joel J. Bellows (lead trial attorney)
Kristen E. Prinz
Bellows and Bellows, P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, Illinois  60604
(312) 332-3340

<u>For Defendants Madison Apartment Group, L.P. and BPG Properties, Ltd.</u>

Jon E. Klinghoffer (lead trial attorney)
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

C. **The Basis of Federal Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a). Ms. Luttrell filed claims against Defendants under the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). In addition, the parties are citizens of different states, and Ms. Luttrell is seeking damages, exclusive of interest and costs, in excess of $75,000. This Court has jurisdiction over Ms. Luttrell's Illinois state law claim pursuant to 28 U.S.C. § 1367(a).

D. **Jury Demand**

Ms. Luttrell has requested a trial by jury.

E. **Nature of the Case**

While employed as a Regional Property Manager for Madison Apartment Group, L.P. ("Madison"). Ms. Luttrell, a 35-year old woman, was diagnosed with a uterine tumor, which required surgery for its removal. Ms. Luttrell filed a three-count complaint consisting of: (1) common law retaliatory discharge; (2) retaliation in violation of the FMLA; and (3) interference with FMLA rights. Ms. Luttrell alleges that, in addition to termination, Defendants interfered with her FMLA access by rejecting her doctor's mandate on numerous occasions, delaying her initial return to work, and impeding her job performance by refusing to respond to her communications. Ms. Luttrell further alleges that her termination upon return to work was a violation of FMLA, in addition to a violation of public policy.

Defendants deny the claims and allegations set forth in all three counts of Ms. Luttrell's Complaint. BPG Properties, Ltd. ("BPG"), a limited partner of Madison, denies it was Ms. Lutrell's employer. Defendants deny that they retaliated against Ms. Luttrell, that there is a common law right of action for alleged retaliatory discharge for taking medical leave, and that Ms. Luttrell is an eligible employee under the FMLA. Madison had discussed terminating Ms.

2

Luttrell's employment because of performance issues before she took her first leave and before it knew of her diagnosis. The decision to terminate Ms. Luttrell's employment was based solely on her performance.

**F.     Relief Sought**

According to Ms. Luttrell, from July 26, 2007 to August 7, 2007, Defendant Madison Apartment Group, L.P. required that Ms. Luttrell use vacation time valued at approximately $1,700.00 to obtain multiple releases from her physician. Madison's insurance provider denied the last claim, of approximately $9,800.00, incurred while Ms. Luttrell was still employed. On January 30, 2008, Ms. Luttrell was served with a Notice of Eviction by the Sheriff of Cook County and was forced to relocate outside the state of Illinois to a residence in South Carolina at a cost of approximately $4,000.00. During that time, Ms. Luttrell was without health insurance and could not afford medical treatment following her surgery. To support herself during this time, Ms. Luttrell was forced to borrow funds from her credit card provider, totaling approximately $18,000 and incurred interest at the rate of 19 percent. Ms. Luttrell mitigated her damages by obtaining new employment beginning February 11, 2008. She was without employment from November 27, 2007 through February 10, 2008 and incurred a loss of income of $18,040.37. Due to the loss of her employment and residence, Ms. Luttrell suffered a loss of at least $51,540. In accordance with 29 U.S.C. § 2617(a), that amount should be doubled. Ms. Luttrell is seeking damages associated with the pain and suffering associated with her common law retaliation claim as well as her attorneys' fees and costs.

Defendants deny that Ms. Luttrell is entitled to any such relief, and they seek costs, attorneys' fees, and such other relief as the Court deems appropriate.

G. **Service**

All parties have been served.

H/I. **Principal Legal and Factual Issues**

The principal legal and factual issues are: (i) whether Ms. Luttrell is an eligible employee under the FMLA, (ii) if so, whether Defendants violated the FMLA as alleged, and (iii) whether Illinois law recognizes a claim for retaliatory discharge under the circumstances of this case. The parties reserve the right to raise any other relevant legal and/or factual issues.

J. **Anticipated Motions**

Defendants anticipate filing a motion for summary judgment on the issues of (1) whether Ms. Luttrell is an eligible employee under the FMLA; (2) whether BPG was Ms. Luttrell's employer; and, (3) whether there is a common law cause of action for retaliatory discharge under the circumstances of this case. Defendants intend to file this motion as soon as practicable as set forth below. If the motion is denied, both parties anticipate filing motions for summary judgment at the close of discovery. The parties reserve the right to make any other motions as appropriate.

K. **Proposed Discovery Plan Pursuant to Rule 26(f)**

Because the legal issues could be dispositive of some or all of this case, the parties have agreed to submit, with the court's approval, dispositive motions on the above 3 mentioned issues before engaging in full-blown fact discovery in order to save time, money and judicial resources. The parties believe this agreement to be consistent with Rule 1 of the Federal Rules of Civil Procedure providing for the "just, speedy and inexpensive determination of every action and proceeding." Therefore, the parties agree to the following discovery plan:

1. All written discovery (interrogatories and document requests) on the legal issues shall be completed by September 1, 2008.

2. Dispositive motions on the legal issues shall be filed on or before October 1, 2008.

3. The remainder of fact discovery shall be completed within 120 days from the date the Court rules on said motions.

4. Plaintiff shall disclose the identity of all experts and provide expert reports within 30 days after the completion of all fact discovery. Defendants shall disclose the identity of all experts and provide expert reports within 45 days after receipt of Plaintiff's expert report(s).

5. All expert depositions shall be completed within 45 days from the receipt of expert reports.

6. Dispositive pre-trial motions shall be filed within 30 days of completion of all expert depositions.

8. The final Pre-Trial Order will be due within 30 days from the date the Court rules on the dispositive motions.

L. **Earliest Trial Date and Probable Length of Trial**

The parties agree that the earliest possible date they will be ready for trial is 30 days from the date the pre-trial order is filed, and they anticipate the trial lasting approximately 3-4 days.

M. **Status of Settlement Discussions**

The parties have come very close to settling this matter but are currently stalemated. Ms. Luttrell's demand is for five-and-a-half months pay. Defendants' offer is five months pay minus the total amount of Ms. Luttrell's last month's rent plus late fees

(approximately $2,000). (While employed, Ms. Luttrell lived in one of the apartments managed by Madison, and failed to pay her last month's rent.)

**N.      Magistrate Judge Consent**

The parties do not consent to trial before a magistrate judge.

Respectfully submitted,

For Plaintiff, Tracy Luttrell

/s/ Kristen E. Prinz
Joel J. Bellows
Kristen E. Prinz
Bellows and Bellows, P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, Illinois  60604
(312) 332-3340


For Defendants Madison Apartment Group,
L.P. and BPG Properties, Ltd.

/s/ Jon E. Klinghoffer
Jon E. Klinghoffer
Goldberg, Kohn, Bell, Black, Rosenbloom
& Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

Dated:  June 17, 2008

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 17, 2008, he caused a true and correct copy of the foregoing **Joint Status Report**, a courtesy copy of which was sent to the chambers of The Honorable Robert W. Gettleman, to be served by the Court's ECF/electronic mailing system and U.S. First Class mail upon the following:

Jon E. Klinghoffer
GOLDBERG KOHN BELL BLACK
ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603

/s/ Kristen E. Prinz